IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRAY MANUFACTURING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEFAC S.A. and <br> SEFAC USA INC., <br><br> Defendant. | Case No. |

## COMPLAINT AND JURY DEMAND

Plaintiff Gray Manufacturing Company, Inc. ("Gray"), for its complaint against Defendants Sefac S.A. and Sefac USA Inc. ("SefacUSA"), states:

### Parties

1.      Gray is a corporation duly organized and existing under the laws of the State of Missouri and having its principal place of business at 3501 S. Leonard Rd., St. Joseph, Missouri 64503.

2.      Sefac S.A. is a corporation organized under the laws of France, with its principal business office located at 1 Rue Andrew Compain, Montherme, France 08800.

3.      SefacUSA is a Delaware corporation with a principal place of business at 381 Nina Way, Warminster, Pennsylvania 18974. Upon information and belief, SefacUSA is a wholly-owned subsidiary of Sefac S.A.

### Jurisdiction and Venue

4.      This is an action arising under the patent laws, Title 35, United States Code, for Sefac S.A.'s and SefacUSA's infringement and inducement of infringement of U.S. Patent No. 10,214,403 B2 ("the '403 Patent").

5.      This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Sefac S.A. because, on information and belief, it has directly or through its agent SefacUSA indirectly transacted business in the State of Pennsylvania by shipping and contracting to ship into this state the wireless portable vehicle lift systems that are the subject of this Complaint and, through its agent SefacUSA, it regularly conducts business in Pennsylvania and has committed infringing acts within Pennsylvania, including selling, offering for sale, using, and/or importing the wireless portable vehicle lift systems that infringe the '403 Patent. Alternatively, this Court has personal jurisdiction over Sefac S.A. under Rule 4(k)(2) of the Federal Rules of Civil Procedure because the claim for patent infringement alleged in this Complaint arises under the Federal Patent Laws, on information and belief Sefac S.A. is not subject to jurisdiction in any State's courts of general jurisdiction, and the exercise of jurisdiction is consistent with the United States Constitution and laws.

7.      This Court has personal jurisdiction over SefacUSA because, on information and belief, SefacUSA is registered as a foreign entity in Pennsylvania, regularly conducts business in Pennsylvania, and has committed infringing acts within Pennsylvania, including making, selling, offering for sale, using, and/or importing the wireless portable vehicle lift systems that infringe the '403 Patent.

8.      Venue is proper in this judicial district for Sefac S.A. in that it is an alien corporation that may be sued in any judicial district. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) for SefacUSA because it maintains a physical office and integrated workshop located in this judicial district that serves as its regular and established place of business. And, as described herein, SefacUSA has committed acts of infringement in this judicial

district by selling, offering for sale, using, and/or importing wireless portable vehicle lift systems that infringe the '403 Patent.

### Background

9.      Gray is in the business of designing, manufacturing, and selling vehicle lift systems, such as portable vehicle lifts that can be positioned around a vehicle and can cooperate to raise and lower the vehicle. Portable vehicle lifts manufactured and offered for sale by Gray are illustrated below. Notably, the Gray portable vehicle lifts shown below are configured to communicate with each other wirelessly, such that physical wires or cables are not required for the portable vehicle lifts to function together to raise and lower vehicles.



10.      The '403 Patent, entitled "Wireless Vehicle Lift System with Enhanced Electronic Controls," was duly and legally issued on February 26, 2019, by the United States Patent and Trademark Office. A copy of the '403 Patent is attached as Exhibit A.

11.      Sefac S.A. is, upon information and belief, importing or inducing SefacUSA to import into the United States and to sell wireless portable vehicle lift systems that infringe and are intended to be operated in methods that infringe the '403 Patent. The wireless portable vehicle lift systems comprise sets of SW2 wireless column lifts, including model SW2.2 wireless column lifts.

12.     SefacUSA is using, selling, and offering to sell in the United States, and, upon information and belief, is importing into the United States, wireless portable vehicle lift systems that infringe and are intended to be operated in methods that infringe one or more claims of the '403 Patent. The wireless portable vehicle lift systems comprise sets of SW2 wireless column lifts, including model SW2.2 wireless column lifts.

13.     SefacUSA is selling or offering for sale the infringing wireless portable vehicle lift systems comprising the SW2 wireless column lifts on its website www.sefacusa.com. An image from SefacUSA's website illustrating the SW2 wireless column lifts being offered for sale in the United States is reproduced below.



14.     Sefac S.A. and SefacUSA are inducing infringement of the '403 Patent by actively encouraging SefacUSA's customers to operate wireless portable vehicle lift systems comprising the SW2 wireless column lifts using methods that, upon information and belief, Sefac S.A. and SefacUSA know infringe the '403 Patent. For example, Sefac S.A. and

SefacUSA provide operator's handbooks and, via online websites, instructional videos that instruct customers to operate the wireless portable vehicle lift systems comprising the SW2 wireless column lifts in manners that infringe the '403 Patent. Snapshots from such instructional videos posted by Sefac S.A. on the YouTube video sharing website and provided on SefacUSA's website and are presented below.



Sefc S.A.'s YouTube video sharing website posting



SefacUSA's website posting

15.     Upon information and belief, the wireless portable vehicle lift systems comprising the SW2 wireless column lifts infringe at least independent claim 1 of the '403 Patent and methods of operating the wireless portable vehicle lift systems infringe at least independent claims 14, 19 and 22 of the '403 Patent. To illustrate infringement of the '403 Patent, Plaintiff has attached hereto as Exhibit B a claim chart showing how the wireless portable vehicle lift systems comprising the SW2 wireless column lifts and their methods of operation satisfy each of the claimed limitations of independent claims 1, 14, 19 and 22 of the '403 Patent. The claim chart of Exhibit B is incorporated herein by reference in its entirety.

16.     Sefac S.A.'s and SefacUSA's activities described above are without authorization or license from Gray.

17.     Sefac S.A. and SefacUSA have received notice of the '403 Patent by way of a January 10, 2019 e-mail communication notifying SefacUSA's counsel of the publication of the

application that issued as the '403 Patent and a February 14, 2019 e-mail communication notifying SefacUSA's counsel of the issue date of the '403 Patent.

## Count I – Patent Infringement

18.     Gray incorporates by reference and re-alleges the allegations in Paragraphs 1-17, above, as if fully set forth herein.

19.     Gray owns by assignment all right, title, and interest in and to the '403 Patent, including full rights to recover past and future damages thereunder.

20.     Upon information and belief, Sefac S.A. has infringed one or more claims of the '403 Patent by importing wireless portable vehicle lift systems comprising the SW2 wireless column lifts into the United States and/or has actively induced infringement of the '403 Patent by inducing SefacUSA to import, use, sell, and/or offer for sale wireless portable vehicle lift systems comprising the SW2 wireless column lifts in the United States.

21.     Upon information and belief, SefacUSA has infringed one or more claims of the '403 Patent by importing, using, selling, and/or offering to sell wireless portable vehicle lift systems comprising the SW2 wireless column lifts in the United States.

22.     Upon information and belief, Sefac S.A. and SefacUSA have induced customers to directly infringe the '403 Patent by instructing the customers to use the wireless portable vehicle lift systems comprising the SW2 wireless column lifts in methods that directly infringe the '403 Patent with knowledge that the customers' use of the systems in performing the methods results in infringement of the '403 Patent.

23.     Gray has been, and continues to be, greatly damaged by reasons of these acts of infringement and, upon information and belief, Sefac S.A. and SefacUSA will continue to infringe and actively induce infringement of the '403 Patent.

24.     Upon information and belief, Sefac S.A. and SefacUSA have deliberately and willfully infringed and actively induced infringement of the '403 Patent, with full notice and knowledge thereof. Upon information and belief, Sefac S.A. and SefacUSA have acted despite an objectively high likelihood that their actions constitute infringement and are inducing infringement of the '403 Patent and knew or should have known of that objectively high risk at least as of January 10, 2019, when its counsel was given notice of the publication of the patent application that issued as the '403 Patent.

25.     Upon information and belief, Sefac S.A. and SefacUSA have received and will continue to receive gains, profits and advantages from their infringing activities, in an amount not presently known to Gray.

26.     Gray has suffered and will continue to suffer irreparable harm in its trade and business as a result of Sefac S.A.'s and SefacUSA's infringement and inducement of infringement of the '403 Patent, for which Gray is entitled to both preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

27.     Gray has suffered and will continue to suffer monetary damages, in an amount not yet presently known, as a result of Sefac S.A.'s and SefacUSA's infringement and inducement of infringement of the '403 Patent.

28.     Gray is entitled to monetary damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

### **Prayer for Relief**

Based on the foregoing, Gray prays for judgment against Sefac S.A. and SefacUSA as follows:

A.   A finding that Sefac S.A. and SefacUSA have directly infringed one or more claims of the '403 Patent under 35 U.S.C. § 271(a).

B.   A finding that Sefac S.A. and SefacUSA have induced infringement of one or more claims of the '403 Patent under 35 U.S.C. § 271(b).

C.   An order enjoining Sefac S.A. and SefacUSA and their respective officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, and assigns; those in privity with them; and all others aiding, abetting, or acting in concert or active participation with them from:

   (1)   making, using, selling, offering to sell in the United States, or importing into the United States, any wireless portable vehicle lift systems covered by the '403 Patent; or

   (2)   otherwise directly or indirectly infringing the '403 Patent.

D.   Compensatory damages under 35 U.S.C. § 284 in an amount adequate to compensate Gray for the infringement by Sefac S.A. and SefacUSA.

E.   Treble damages under 35 U.S.C. § 284.

F.   An order that Sefac S.A. and SefacUSA account to Gray for all sales, revenues, and profits derived from its infringing activities and that three times those profits be disgorged and paid to Gray under 35 U.S.C. § 284.

G.   Attorney fees under 35 U.S.C. § 285.

H.   Pre- and post-judgment interest.

I.   Costs of the action.

J.   Such other and further relief as allowed at law or in equity that the Court deems just.

## Jury Demand

Gray demands a trial by jury on all issues so triable.

March 1, 2019

Respectfully Submitted,

William J. Conroy, PA Bar No. 36433
  wconroy@campbell-trial-lawyers.com
Katherine A. Wang, PA Bar No. 204158
  kwang@campbell-trial-lawyers.com
Meaghann C. Porth, PA Bar No. 307629
  mporth@campbell-trial-lawyers.com
CAMPBELL CONROY & O'NEIL, PC
1205 Westlake Drive
Suite 330
Berwyn, Pennsylvania 19312
(610) 964-6380   Fax: (610) 964-1981

Michael B. Hurd, KS Bar No. 12521 (Pro Hac
Vice to be filed)
  mhurd@hoveywilliams.com
Kameron D. Kelly, KS Bar No. 19900 (Pro
Hac Vice to be filed)
  kdk@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647-9057

Kenneth E. Siemens, MO Bar No. 41914 (Pro
Hac Vice to be filed)
  kensiemens@mtselaw.com
MURPHY, TAYLOR, SIEMENS & ELLIOTT P.C.
3007 Frederick Avenue
St. Joseph, Missouri 64506
(816) 364-6677   Fax: (816) 364-9677

ATTORNEYS FOR PLAINTIFF